FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 28, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL B., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 4:20-CV-05121-JTR <br><br> ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 13, 15. Attorney Victoria Chhagan represents Michael B. (Plaintiff); Special Assistant United States Attorney Joseph Langkamer represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

///

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

## JURISDICTION

Plaintiff filed an application for Disability Insurance Benefits on January 23, 2018, alleging disability since December 12, 2016, due to lower back pain, bilateral knee pain, tailbone, bilateral leg swelling and pain, diabetes, problems with breathing, bilateral hip pain, sleeping disorder with extreme daytime fatigue, obesity, and chronic pain disorder. Tr. 70-71. The application was denied initially and upon reconsideration. Tr. 98-104, 106-12. Administrative Law Judge (ALJ) Marie Palachuk held a hearing on October 7, 2019, Tr. 39-68, and issued an unfavorable decision on October 22, 2019, Tr. 16-26. Plaintiff requested review from the Appeals Council. Tr. 168-70. The Appeals Council denied the request for review on May 28, 2020. Tr. 1-6. The ALJ's October 2019 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on July 27, 2020. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1972 and was 44 years old as of the alleged onset date. Tr. 24. He has a high school education with some college, and worked primarily as a lube technician and department manager. Tr. 61, 238. He testified that he stopped working in December 2016 due to pain and an inability to make it through a shift of work. Tr. 44.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is

defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 404.1520(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 404.1520(a)(4)(v).

///

# ADMINISTRATIVE FINDINGS

On October 22, 2019, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset. Tr. 18.

At step two, the ALJ determined Plaintiff had the following severe impairments: lumbar sprain, bilateral hip tendinitis, bilateral knee tendinitis, supramorbid obesity, right shoulder acromioclavicular osteoarthritis, and cervical degenerative disc disease. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 18-19.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found he could perform work at the light exertional level, except:

> Standing and walking is limited to 2 hours per day. He needs the ability to alternate sitting and standing approximately every 60 minutes. Posturals are at occasional, except he can never climb ladders, ropes or scaffolds. The claimant needs the use of a cane to ambulate away from the workstation. He can never reach overhead with the right upper extremity. He must avoid concentrated exposure to extreme heat, humidity, and respiratory irritants. Finally, he can have no more than moderate exposure to hazards.

Tr. 19-20.

At step four, the ALJ found Plaintiff was unable to perform his past relevant work as a department manager or lubrication servicer. Tr. 24.

At step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy

///

that Plaintiff was capable of performing, including the jobs of mail clerk, storage rental clerk, and office helper. Tr. 25-26.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 26.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly rejecting Plaintiff's testimony; and (2) not providing sufficient reasons for rejecting the opinion of his treating physician, Dr. Suzanne Staudinger.

## DISCUSSION

**1.    Plaintiff's symptom testimony**

Plaintiff alleges the ALJ erred in rejecting his symptom testimony without providing adequate reasons. ECF No. 13 at 3-12.

It is the province of the ALJ to make determinations regarding a claimant's subjective statements. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting a claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, she found

Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 20. The ALJ found Plaintiff's allegations were inconsistent with the mild imaging and minimal objective findings, unsupported by Plaintiff's lack of treatment through a significant portion of the relevant period and his lack of follow through with treatment recommendations, and inconsistent with the consultative exam findings and his activities of daily living. Tr. 22-23.

The Court finds the ALJ offered sufficient reasons for discounting Plaintiff's subjective reports. Unexplained or inadequately explained reasons for failing to seek medical treatment or follow a prescribed course of treatment can cast doubt on a claimant's subjective complaints. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). The ALJ noted that, despite alleging onset of disability in December 2016, Plaintiff did not receive treatment for his conditions until May 2018. Tr. 21. The ALJ also noted Plaintiff's failure to follow through with orthopedic and bariatric referrals. Tr. 22. Plaintiff argues the ALJ erred in rejecting his testimony on this basis, as there were justifications for not being seen by these specialists, including insurance and location issues and the orthopedic referral not being able to accommodate Plaintiff's size. ECF No. 13 at 6-8. However, the ALJ did note Plaintiff's explanation regarding insurance and availability, but instead relied on the contemporaneous treatment records that indicated Plaintiff chose to stop pursuing weight loss surgery. Tr. 22, 459. The ALJ's interpretation of the record is reasonable. Furthermore, though one orthopedist canceled an appointment due to being unable to accommodate Plaintiff's size, the record reflects his primary care provider gave him another referral to another orthopedist. Tr. 363-65. There is nothing in the record to indicate Plaintiff ever followed through with this referral. Plaintiff has offered no explanation for his failure to obtain any treatment for the first year and a half of the relevant period. Therefore, the ALJ's finding is supported by substantial evidence.

Although it cannot serve as the sole ground for rejecting a claimant's symptom statements, objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ found Plaintiff's allegations to be inconsistent with the mild imaging results and the minimal objective findings in the longitudinal medical record. Tr. 22. The Court finds the ALJ's interpretation of the record is reasonable. While there are some objective findings in Plaintiff's treatment records that are supportive of his allegations, "when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). The ALJ reasonably summarized the records, pointing to the largely unremarkable findings throughout the record and the mild findings on imaging in finding Plaintiff's allegations to be unsupported. Tr. 21-22.

**2.     Dr. Staudinger**

Plaintiff contends the ALJ erred by improperly rejecting the opinion from his treating physician, Dr. Suzanne Staudinger. ECF No. 13 at 12-19.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. § 404.1520c. The new regulations provide the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources. 20 C.F.R. § 404.1520c(a). Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 404.1520c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant,

any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). *Id.* The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520a(b). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:

(1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c). [1]

---

[1] The parties disagree over whether Ninth Circuit case law continues to be controlling in light of the amended regulations, specifically whether an ALJ is still required to provide specific and legitimate reasons for discounting a contradicted opinion from a treating or examining physician. ECF No. 13 at 13; ECF No. 15 at 14-17. The Court finds resolution of this question unnecessary to the disposition of this case.

Plaintiff's treating physician, Dr. Suzanne Staudinger, completed a medical source statement on September 4, 2019. Tr. 483-84. She noted Plaintiff's diagnoses included osteoarthritis in multiple joints, obesity, and hypertension. Tr. 483. She noted his symptoms included pain in the knees, hip, shoulder, low back, and tailbone, and that he could walk for only 10-15 minutes, could not sit in a normal chair comfortably, and needed to change position frequently. *Id.* Dr. Staudinger opined Plaintiff needed to lie down intermittently during the day for 20-30 minutes due to pain. *Id.* She stated full time work would cause him to deteriorate due to additional pain, and that he would be likely to miss work four or more days per month if attempting to work full time. Tr. 483-84. She finally stated that those limitations had existed for three years. Tr. 484.

The ALJ found this opinion was not persuasive, noting many of the limits were clearly based on Plaintiff's self-reports, the opinion was inconsistent with the minimal objective abnormalities described in the treatment notes, and that the opinion was contradicted by other medical opinions of record. Tr. 24. The ALJ further found there was no basis for Dr. Staudinger to relate the limits back three years when she had first evaluated Plaintiff in August 2018, and finally the ALJ found some of the limits to be speculative and not supported by the longitudinal record. *Id.*

Plaintiff argues the ALJ's rationale is not supported by specific enough explanations and is based on a flawed reading of the medical record. He further asserts the prospective and retrospective assessments are within Dr. Staudinger's area of expertise, and the ALJ found no problem with such opinions from the consultative examiner or the state agency reviewing doctors. Finally, Plaintiff argues the ALJ improperly relied on inconsistency with the other opinions, as the state agency reviewers do not constitute substantial evidence on their own and had not reviewed all of the evidence that was available to Dr. Staudinger, and the ALJ ///

failed to fully adopt all elements of Dr. Opara's opinion.[2] ECF No. 13 at 12-19. Defendant argues the ALJ reasonably found the opinion to be unsupported by the treatment notes and at odds with Dr. Opara and the state agency doctors. ECF No. 15 at 14-21.

The Court finds the ALJ did not err. The revised rules require the ALJ to consider the supportability and consistency of an opinion. The ALJ reasonably found Dr. Staudinger's records lacked support for the limitations assessed, noting the minimal objective abnormalities and Dr. Staudinger's recitation in the opinion of Plaintiff's subjective complaints. Tr. 24; *compare* Tr. 396, 449, 464 *with* Tr. 483. The ALJ also reasonably found Dr. Staudinger did not provide a basis for her opinion that Plaintiff had been so limited for three years and offered no explanatory support for her prediction regarding missed days. Tr. 24. The ALJ must consider the amount of objective medical evidence and supporting explanations presented by the source. 20 C.F.R. 404.1520c(c). The ALJ also reasonably noted the differing opinions from other sources and offered sufficient explanation for her reliance on the other opinions.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error and is affirmed. Therefore, **IT IS HEREBY ORDERED:**

---

[2] To the extent Plaintiff implies the ALJ erred in her discussion of Dr. Opara, the Court finds no harmful error. Dr. Opara stated Plaintiff was limited to standing and walking <u>less</u> than two hours, while the RFC allows for two hours. Tr. 19, 355. However, the discussion with the vocational expert indicated that the hypothetical worker would be able to alternate between sitting and standing every 60 minutes as needed. Tr. 62. The Court therefore finds the discrepancy between the opinion and the RFC to be harmless.

1. Defendant's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED June 28, 2021.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE